1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH MILLS,                        No.  2:17-cv-0306-EFB P

12                    Petitioner,

13         v.                              ORDER

14   CALIFORNIA MEDICAL FACILITY,

15                    Respondent.

16

17         Petitioner is a state prisoner without counsel.  This action was opened when he filed a

18   form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The petition is

19   not signed and does not challenge the fact or duration of petitioner's confinement.  Rather, it

20   challenges the conditions of his confinement.  As explained below, petitioner has not properly

21   commenced a civil action.

22         To commence a civil action, a party is required to file a complaint or a petition.  Fed. R.

23   Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203

24   (2003).  Federal courts offer two main avenues to relief on complaints related to one's

25   imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights

26   complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the

27   duration of one's confinement are properly brought in a habeas action, whereas requests for relief

28   turning on the circumstances of one's confinement are properly brought in a § 1983 action.

1  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500

2  (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ

3  of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

4  on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

5  States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

6          Moreover, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading,

7  written motion, and other paper . . . be signed by at least one attorney of record in the attorney's

8  name—or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).

9          If petitioner wishes to challenge a judgment of conviction entered against him in state

10  court, he must file an application for a writ of habeas corpus using this court's form petition.  In

11  addition, he must either file an in forma pauperis affidavit or pay the required filing fee ($5.00).

12  *See* 28 U.S.C. §§ 1914(a); 1915(a).

13          If petitioner wishes to challenge his conditions of confinement, he must file a prisoner

14  civil rights complaint using this court's form complaint. In addition, a plaintiff must pay the $400

15  filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and

16  submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a).  Section

17  1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or

18  security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a

19  certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for

20  the 6-month period immediately preceding the filing of the complaint . . . , obtained from the

21  appropriate official of each prison at which the prisoner is or was confined."

22          Until petitioner submits a signed petition or complaint and either pays the filing fee or

23  meets the requirements of 28 U.S.C. § 1915(a), there is simply no case before the court.

24          Accordingly, it is hereby ORDERED that:

25      1.  The Clerk of the Court shall send to petitioner the court's forms for application for

26          writ of habeas corpus, prisoner civil rights complaint, and application for leave to

27          proceed in forma pauperis.

28  /////

2. Within 30 days of the date of this order, petitioner shall either pay the appropriate filing fee or submit a complete application for leave to proceed in forma pauperis.

3. Within 30 days of the date of this order, petitioner shall file a signed petition for writ of habeas corpus or prisoner civil rights complaint.

4. Failure to comply with this order may result in this case being closed.

DATED: February 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3