UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MILLS, | No. 2:17-cv-0306-KJM-EFB P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA MEDICAL FACILITY, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

/////

---

[1] Petitioner also seeks leave to proceed in forma pauperis and the appointment of counsel. ECF Nos. 9, 7. The request for leave to proceed in forma pauperis is granted. However, the request for the appointment of counsel is denied. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel in this action.

Petitioner claims that the respondent, identified as Correctional Counselor Hamilton, has violated his Fourteenth Amendment rights by denying him access to documents in his central file, which, according to petitioner, will show that he is being imprisoned beyond the term imposed by the sentencing court. *See* ECF No. 4 at 3-4 (alleging he is "illegally imprisoned").[2] This action must be dismissed because petitioner's claim concerns only the conditions of his confinement and does not fall within the core of habeas corpus. Even if the claim were cognizable in this habeas action, dismissal would be appropriate on the grounds that it was not first exhausted in state court.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here, success on petitioner's Fourteenth Amendment claim could result in an order requiring that prison officials allow him access to his central file. It would not necessarily lead to petitioner's immediate or speedier release. For this reason, the petition must be summarily dismissed without prejudice to asserting the claim in a new action pursuant to § 1983.

Assuming, however, that success on petitioner's "illegal imprisonment" claim would lead to immediate or speedier release, summary dismissal would still be appropriate. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to

---

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

According to the petition, petitioner has neither appealed his sentence nor sought review of his claim in the California Supreme Court. ECF No. 4 at 5-6. The petition is therefore totally unexhausted, as the California Supreme Court has not yet had the opportunity to resolve petitioner's claim on its merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be summarily dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, IT IS HEREBY ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 9) is granted, and petitioner's request for appointment of counsel (ECF No. 7) is denied.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE